IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ELIZABETH E. CROCKETT,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MUTUAL OF OMAHA BANK,** Alleged Successor by Acquisition of **FIRST NATIONAL BANK OF NEVADA** and its affiliates, as Trustee for **FIRST NATIONAL BANK OF ARIZONA** Pass-Through Certificates series 2007-HY-3 Trust, **M&T BANK CORPORATION** Trust; **M&T BANK CORPORATION; HSBC BANK USA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc.,** as a Nominee for **FIRST NATIONAL BANK OF ARIZONA**<br><br>    **Defendants.** | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and HSBC Bank USA, N.A. ("HSBC") (collectively "moving Defendants") by their undersigned attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, file this Notice of Removal from the Circuit Court of Davidson County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division. In support of this Notice of Removal, moving Defendants state as follows:

**I. FACTS AND PROCEEDINGS**

1. On February 29, 2012, Plaintiff Elizabeth E. Crockett ("Plaintiff") filed a Complaint in the Circuit Court for Davidson County, Tennessee.

2. The Complaint is based on alleged events related to property located at 2915 Woodlawn Drive, Nashville, Tennessee (the "Property").

3. Both MERS and HSBC were served on March 8, 2012.

4. Upon information and belief, no other Defendants have been served in this matter. Thus, pursuant to 28 U.S.C. § 1446(b)(2), their consent to remove is not required.

## II. THIS NOTICE OF REMOVAL IS TIMELY FILED

5. This Notice of Removal is filed within thirty (30) days of service of moving Defendants. *See* 28 U.S.C. § 1446(b).

6. This removal is timely because it is filed "within thirty days of receiving the document that provides the basis for removal." *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003). The thirty day period does not begin to run until formal service of the summons and complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

7. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by moving Defendants are attached hereto as **Exhibit A**.

## III. REMOVAL PROCEDURES

8. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). Moving Defendants seek to remove this case to the Middle District of Tennessee. The Circuit Court for

931939:1:NASHVILLE
2
Case 3:12-cv-00337   Document 1   Filed 04/02/12   Page 2 of 4 PageID #: 2

Davidson County, Tennessee is located within this District, and cases arising from Davidson County are properly assigned to the Nashville Division of this Court. *See* 28 U.S.C. § 123(b)(1).

## IV. THIS COURT HAS FEDERAL QUESTION JURISDICTION.

10. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2010).

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as it is apparent on the face of Plaintiff's Complaint that this action arises under and presents a question of federal law. *See generally* Compl. Plaintiff has alleged claims against Defendants for violation of the Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA") Compl. p. 13.

12. To the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13. Because, at the very least, some of Plaintiff's alleged right to relief arises under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

## V. CONCLUSION

WHEREFORE, moving Defendants respectfully request the above-captioned action now pending in the Circuit Court for Davidson County, be removed to the United States District

Court for the Middle District of Tennessee, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This the 2nd day of April, 2012.  Respectfully submitted,

/s/ Paul Allen England
Donna L. Roberts (BPR No. 22249)
Paul Allen England (BPR No. 26288)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)
donna.roberts@stites.com
paul.england@stites.com

*Counsel for Mortgage Electronic Registration Systems, Inc. and HSBC Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2012, that a true and correct copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, as indicated below.

*Via U.S. Mail:*
Elizabeth E. Crockett
2915 Woodlawn Dr.
Nashville, TN 37215

*Pro Se Plaintiff*

/s/ Paul Allen England
Paul Allen England

36498579.1